# United States District Court
# Northern District of Indiana
# Hammond Division

UNITED STATES OF AMERICA

v.

VICTOR WIGGINS

Case No. 2:13-CV-243 JVB
(arising out of 2:12-CR-3)

**OPINION AND ORDER**

Defendant Victor Wiggins, a federal prisoner, has filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (DE 70-1).[1] The question before the Court is whether it must hold an evidentiary hearing on his motion, and, if no evidentiary hearing is required, whether Wiggins is entitled to any relief under § 2255.

**A.     Background**

Wiggins was indicted on six counts of possession of a firearm as a convicted felon. Pursuant to a written plea agreement, he pleaded guilty to count one of the indictment, charging him with possession of a Romanian Arms/Cugir assault rifle bearing an obliterated serial number, in violation of 18 U.S.C. § 922(g)(1). He had filed a motion to suppress evidence that was seized the day he was arrested, but withdrew the motion at his change of plea hearing. He was sentenced to seventy-eight months in prison.

Wiggins now claims that his guilty plea was the result of ineffective assistance of counsel.

---

[1] Wiggins's original motion (DE 53) did not comply with Rule 2 of the Rules Governing Section 2255 Proceedings in that it did not state the facts supporting each ground for relief. The Court noted the absence of supporting facts and Wiggins's failure to state the relief he sought and ordered him to file an amended motion that complied with the rule.

B.     **Legal Standards**

Title 28 U.S.C. § 2255(b) provides that unless a §2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a hearing on the motion. A § 2255 petitioner is entitled to an evidentiary hearing if he alleges facts that, if proven would entitle him to relief. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). However, an evidentiary hearing is not required when a petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 596, 597 (7th Cir. 2001).

To prevail on a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show that counsel's performance fell below an objective standard of reasonableness; and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have gone to trial. *Bethel v. United States*, 458 F.3d 711 (7th Cir. 2006).

C.     **Ineffective Assistance of Counsel Claims**

Wiggins's first claim is that his lawyer misadvised him to withdraw a motion to suppress evidence.² He alleges no facts that suggest his lawyer's advice was unreasonable or that if the motion had not been withdrawn he would have gone to trial. His vague and conclusory allegation does not entitle him to a hearing on this claim or to relief under 28 U.S.C.

---

²It is note-worthy that the evidence sought to be suppressed in the withdrawn motion was cash, marijuana, cocaine, baggies, and a cell phone (DE 15), and not any of the six weapons Wiggins was charged with possessing. Wiggins's possession of these weapons was established through a series of controlled buys using a confidential informant.

2

§ 2255.

Wiggins next claims his lawyer rendered ineffective assistance because he misadvised him concerning the maximum penalties he was facing if he continued with the suppression motion. Wiggins believes the maximum sentence he would have faced if he had pleaded guilty to all six counts of the indictment was ten years, but that his lawyer erroneously told him that the maximum was sixty years. His understanding of the law is erroneous.[3]

Generally, a sentencing court has discretion to make a sentence consecutive or concurrent, so that a defendant convicted on six counts of violating a statute for which the maximum penalty is ten years (as is the case with 18 U.S.C. § 922(g)(1)) would face a possible sentence of sixty years, because the court could decide that the sentence for each count should be served consecutively to the others. *See United States v. Collins*, 640 F.3d 265, 270 (7th Cir. 2011); 18 U.S.C. § 3584(a). Thus Wiggins's lawyer was not mistaken in advising him that he faced a maximum possible sentence of sixty years in prison if he went to trial on all six counts of the indictment and lost.

To the extent Wiggins claims his attorney told him sixty years is the sentence the Court would in fact impose if he went to trial and lost, his claim is palpably incredible. In fact, he contradicts himself in his brief in support of his original motion (DE 57) as well as in his brief in support of his amended motion (DE 70), stating variously that his counsel advised him he *would* receive a sixty-year sentence, that he *could* be sentenced to sixty years, and that he was facing a *possible* sentence of sixty years. Given these inconsistent representations of what his attorney's advise was, his claim that his lawyer definitively stated that his sentence would be sixty years if

---

[3]He cannot be faulted, as the Government in its response to his original motion expressed the same misunderstanding.

3

he went to trial and lost is not worthy of belief. Because Wiggins has not alleged facts to show that his lawyer's advice fell short of an objective standard of reasonableness on this claim, he is not entitled to relief under § 2255 for this claim.

Wiggins next argues that his lawyer was ineffective because he misadvised him concerning his criminal history category and base offense level, telling him that the criminal history category was II and that the base offense level would be between fourteen and twenty.[4] He alleges that he based his decision to plead guilty on this erroneous information.

Even if it is assumed that counsel's estimates of the base offense level and criminal history category were objectively unreasonable, Wiggins has not shown that, absent counsel's erroneous advice, he would not have pleaded guilty but would have insisted on going to trial. A mere allegation by a defendant that he would have insisted on going to trial is not sufficient to establish prejudice. *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006).

In response to questioning at his change-of-plea hearing, Wiggins specifically acknowledged that he understood that the sentence the Court ultimately imposed might be different from any estimate that his counsel might have given him. He further agreed that his plea agreement represented all the agreements he had and that other than what was written in the plea agreement no one had promised him anything to get him to plead guilty. Thus he also acknowledged that his attorney had not guaranteed his sentence would be computed on the basis of the alleged predicted base offense level and criminal history category.

As the Court observed in *Bethel*, "Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea

---

[4]The actual criminal history category as calculated by the Court was III and the base offense level was 26.

4

proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *Id.* at 719 (quoting *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005)). Here, as in *Bethel*, Wiggins was told plainly that his sentence could be different from what his counsel predicted. He stated that he understood and agreed and pleaded guilty anyway. Because Wiggins assured the Court that he wished to plead guilty regardless of what the sentencing consequences of that decision turned out to be, he was not prejudiced by his lawyer's allegedly wrong advise and is not entitled to an evidentiary hearing or relief under § 2255.

In a document submitted along with his amended § 2255 motion, which is entitled Movant's Amended Motion Pursuant to Title 28 U.S.C. § 2255 (DE 70), but which is actually a brief in support of the motion, Wiggins claims he received ineffective assistance of counsel because counsel failed to challenge his warrantless arrest. He does not allege any facts to support this claim or develop it in any coherent manner. Accordingly, no hearing will be held on this claim and no relief granted.

Wiggins's final claim is that his sentence is in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). He maintains that sentencing enhancements are illegal because they were based on fact finding by the Court, the enhancements were not included in the indictment, and they were not submitted to a jury. In his brief in support of the motion he asserts that guidelines § 2K2.1(b)(1)(A) and 2K2.1(b)(4)(B) were elements of his offense that should have been included in the indictment.[5]

---

[5]Presumably, Wiggins is objecting to the fact that, in computing his total offense level under the advisory sentencing guidelines, two levels were added pursuant to guidelines § 2K2.1(b)(1)(A) because the offense involved three to seven firearms and four were added pursuant to guidelines § 2K2.1(b)(4)(B) because one of the firearms had an obliterated serial number. Wiggins's agreement that these enhancements apply is set out in his plea agreement and the Court called his attention to them at the change-of-plea hearing before accepting his guilty plea.

*Alleyne* has no application to the instant case. *Alleyne* held that any fact that increases a mandatory minimum sentence is an element of the crime that must be submitted to a jury. It does not address the calculation of a total offense level under the sentencing guidelines. The statute Wiggins pleaded guilty to did not have a mandatory minimum. Wiggins was properly advised at his change-of-plea hearing of the elements of his offense. The Court also went over with him the enhancements that he and the Government agreed would apply to the computation of his sentencing range under the guidelines. No more was required. Wiggins was not entitled to have a jury determine what guideline provisions apply in computing his sentencing range under the guidelines. Accordingly no evidentiary hearing is required regarding this claim and Wiggins is not entitled to relief under § 2255.

**D.    Conclusion**

For the foregoing reasons, Wiggins's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 70-1) is DENIED.

SO ORDERED on June 12, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge